VENABLE LLP
Frank C. Cimino, Jr. (*pro hac vice* pending)
fccimino@venable.com
Megan S. Woodworth (*pro hac vice* pending)
mswoodworth@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300

William A. Hector (SBN 298490)
wahector@venable.com
101 California Street, Suite 3800
San Francisco, CA  94111
Telephone:    (415) 653-3750
Facsimile:    (415) 653-3755

*Attorneys for Plaintiff*
CELLCO PARTNERSHIP d/b/a Verizon Wireless

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a Verizon Wireless,<br><br>      Plaintiff,<br><br>      v.<br><br>VOIP-PAL.COM, INC.,<br><br>      Defendant. | CASE NO. 20-cv-3092<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY**<br><br>**DEMAND FOR JURY TRIAL** |

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon"), by and through its counsel, files this Complaint against VoIP-Pal.com, Inc. ("VoIP-Pal") for declaratory judgment that it does not infringe any claim of U.S. Patent No. 10,218,606 (the "'606 patent") and that the '606 patent is invalid.

## INTRODUCTION

1. This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code. Verizon seeks declaratory judgments that it does not infringe any claim of the '606 patent and that the '606 patent is invalid. The action arises from a real and immediate controversy between Verizon and VoIP-Pal as to whether Verizon infringes any claims of the '606 patent, which is attached as Exhibit 1 and entitled "Producing Routing Messages for Voice Over IP Communications."

2. This is not the first lawsuit between VoIP-Pal and Verizon in this District. Between 2016 and 2018, VoIP-Pal filed six lawsuits against Verizon, AT&T, Twitter, Apple, and Amazon in the United States District Court for the District of Nevada asserting six patents from the family that includes the '606 patent. Twitter successfully moved to transfer its case to this Court. And during briefing on Verizon's motion to transfer, VoIP-Pal consented to transfer the remaining five cases. Exhibit 2. This Court found all the patents asserted in those cases, all of which are related to the '606 patent, invalid under 35 U.S.C. § 101 for claiming ineligible subject matter. Exhibits 3, 4. One of this Court's decisions (concerning the two patents previously asserted against Verizon) has been affirmed by the Federal Circuit (Exhibit 5, *VoIP-Pal.com, Inc. v. Twitter, Inc., et al.* Nos. 2019-1808 (Dkt. 88), 2019-1812 (Dkt. 5), 2019-1813 (Dkt. 5), 2019-1814 (Dkt. 5)), and VoIP-Pal's appeal of the second decision concerning the other four patents is pending.

3. The '606 patent shares a common specification with the six already-invalidated patents. The claims of the '606 patent are very similar to the claims of the patents already invalidated by this Court. Despite this Court's familiarity with this patent family, VoIP-Pal filed a lawsuit on April 24, 2020, in the United States District Court for the Western District of Texas asserting infringement of the '606 patent against Verizon. Exhibit 6, Complaint, *VoIP-Pal.com,*

*Inc. v. Verizon Communications, Inc. et al.*, Civil Action No. 6:20-cv-00327-ADA.  In the past month, VoIP-Pal also has also sued AT&T, Apple, Amazon, Google, and Facebook in the Western District of Texas for infringement of the '606 patent.  *VoIP-Pal.com, Inc. v. AT&T, Inc. et al.*, Civil Action No. 6:20-cv-00325-ADA; *VoIP-Pal.com, Inc. v. Apple Inc.*, Civil Action No. 6:20-cv-00275-ADA; *VoIP-Pal.com, Inc. v. Amazon.com, Inc. et al.*, Civil Action No. 6:20-cv-0272-ADA; *VoIP-Pal.com, Inc. v. Google LLC*, Civil Action No. 6:20-cv-00269-ADA; *VoIP-Pal.com, Inc. v. Facebook, Inc. et al.*, Civil Action No. 6:20-cv-00267-ADA.

4. VoIP-Pal's recent lawsuits on the '606 patent in the Western District of Texas are blatant forum-shopping attempts to avoid this District, which has extensive experience with highly-similar, highly-related patents.  In the interests of justice and judicial efficiency, any dispute between VoIP-Pal and Verizon concerning the '606 patent should be adjudicated in this District.

5. Verizon believes that it does not infringe the '606 patent, that it has not infringed any claims of the '606 patent, and that the claims of the '606 patent are invalid.

6. VoIP-Pal's actions have created a real and immediate controversy between VoIP-Pal and Verizon as to whether Verizon's products or services infringe any claim of the '606 patent and whether the claims of the '606 patent are invalid.  The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning these issues.

## THE PARTIES

7. Plaintiff Cellco Partnership d/b/a Verizon Wireless is a Delaware general partnership with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

8. On information and belief, VoIP-Pal is a company incorporated and registered under the laws of Nevada with its principal place of business at 10900 NE 4th Street, Suite 2300, Bellevue, Washington 98004.

9. On information and belief, VoIP-Pal owns the '606 patent.

///

///

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

12. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists at least because Verizon does not infringe and has not infringed any claims of the '606 patent; VoIP-Pal previously filed lawsuits against Verizon alleging infringement of two patents related to the '606 patent; the '606 patent shares a common specification with those two patents; the claims of the two patents that were previously asserted in litigation against Verizon are very similar to claims of the '606 patent; and VoIP-Pal has accused Verizon of infringing the '606 patent in litigation in the Western District of Texas. Moreover, the two patents VoIP-Pal previously asserted against Verizon were held invalid under 35 U.S.C. § 101 by this Court, and—based on the substantial similarities between those invalid claims and the claims of the '606 patent—the '606 patent is invalid for at least the same reasons.

13. The '606 patent issued in February 2019, during the pendency of VoIP-Pal's earlier lawsuit against Verizon in this District concerning patents from the same family. During a hearing in that lawsuit, VoIP-Pal assured the Court that VoIP-Pal had "no intention to assert any of the other patents against any of the other defendants." Exhibit 7 at 10. VoIP-Pal's hollow assurances to the Court and Verizon as well is its decision to delay filing suit on the '606 patent demonstrate VoIP-Pal's intent to litigate, in piecemeal fashion, other patents in the same family of patents that this Court has already invalidated. Furthermore, VoIP-Pal has recently made public statements that the company is "not finished" taking action, despite the Federal Circuit

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

decision affirming this Court's judgment that the claims of two patents that VoIP-Pal previously asserted against Verizon are invalid.  Exhibit 5; Exhibit 8.

14. This Court has personal jurisdiction over VoIP-Pal because VoIP-Pal has engaged in actions in this District that form the basis of Verizon's claims against VoIP-Pal—namely, the prosecution of a prior patent infringement lawsuit against Verizon and other defendants involving the six patents from the same family as the '606 patent.  VoIP-Pal also voluntarily transferred to this District its previous lawsuits against Verizon, AT&T, Apple, and Amazon, explicitly recognizing that this venue was an appropriate and more convenient forum in which to litigation its dispute.  Exhibit 2.

15. VoIP-Pal's actions have created a real, live, immediate, and justiciable case or controversy between VoIP-Pal and Verizon.

16. As a result of VoIP-Pal's conduct described above, VoIP-Pal has consciously and purposefully directed allegations of infringement of the '606 patent and related patents at Verizon, a company that operates in this District.

17. In doing so, VoIP-Pal has established sufficient minimum contacts with this District such that VoIP-Pal is subject to specific personal jurisdiction in this action.  Further, the exercise of personal jurisdiction based on these repeated and pertinent contacts does not offend traditional notions of fairness and substantial justice.

18. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400, at least because under Ninth and Federal Circuit law venue in declaratory judgment actions for non-infringement of patents is determined under the general venue statute, 28 U.S.C. § 1391.  Additionally, VoIP-Pal consented to transfer to this District the lawsuit that VoIP-Pal filed against Verizon, and in doing stipulated that convenience favors transfer to this District.

19. Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides. As discussed above, VoIP-Pal is subject to personal jurisdiction with respect to this action in the District, and thus, at least for the purposes of this action, VoIP-Pal resides in the District and venue is proper under 28 U.S.C. § 1391.

///

# FACTUAL BACKGROUND

20. In 2016, VoIP-Pal filed lawsuits in the District of Nevada against Verizon, AT&T, Apple, and Twitter, alleging infringement of two patents—U.S. Patent Nos. 8,542,815 (the "'815 patent") and 9,179,005 (the "'005 patent"). Verizon moved to transfer its case to this District. During briefing, VoIP-Pal consented to transfer of its case against Verizon to this District. VoIP-Pal stipulated that the "convenience of the parties and witnesses favors transfer to the Northern District of California." Exhibit 2.

21. Between August and November 2018, each of the four cases was transferred to this District and consolidated for pretrial purposes: Verizon (Civil Action No. 5:18-cv-06054-LHK), AT&T (Civil Action No. 5:18-cv-06177-LHK), Apple (Civil Action No. 5:18-cv-06217-LHK), and Twitter (Civil Action No. 5:18-cv-04523-LHK).

22. Verizon and the other defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), because the asserted claims of the '815 and '005 patents are invalid under 35 U.S.C. § 101. On March 25, 2019, this Court granted the motion to dismiss in a detailed, thorough 45-page opinion finding all asserted claims of the '815 and '005 patents to be invalid. Exhibit 3.

23. VoIP-Pal appealed this Court's decision to the U.S. Court of Appeals for the Federal Circuit. On March 16, 2020, the Federal Circuit affirmed this Court's judgment of invalidity. Exhibit 5.

24. In 2018, VoIP-Pal filed additional lawsuits in the District of Nevada against Apple and Amazon, alleging infringement of four patents—U.S. Patents 9,537,762; 9,813,330; 9,826,002; and 9,948,549. Those four patents are part of the same family as, and share a common specification with, the '815 and '005 patents that VoIP-Pal asserted in its earlier litigations. VoIP-Pal consented to transfer of the cases to this District. Civil Action Nos. 5:18-cv-06216-LHK and 5:18-cv-07020-LHK.

25. Apple and Amazon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the four asserted patents were invalid under 35 U.S.C. § 101. On November

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

19, 2019, this Court granted the motion to dismiss and found all asserted claims of the four patents to be invalid. Exhibit 4. VoIP-Pal has filed an appeal, which is pending.

26. In early April 2020, VoIP-Pal filed new lawsuits in the Western District of Texas (Waco Division) against Apple, Amazon, Google, and Facebook alleging infringement of the '606 patent. Civil Action Nos. 6:20-cv-00275-ADA, 6:20-cv-00272-ADA, 6:20-cv-00269-ADA, 6:20-cv-00267-ADA.

27. On April 8, 2020, Twitter filed a declaratory judgment action on the '606 patent in this District. Civil Action No. 6:20-cv-02397-LHK. The Twitter action was filed before VoIP-Pal sued Twitter on the '606 patent. That case has been assigned to Judge Lucy H. Koh. VoIP-Pal has not filed a lawsuit against Twitter relating to the '606 patent.

28. On April 10, 2020, Apple also filed a declaratory judgment action on the '606 patent and one other related patent in this District. Civil Action No. 6:20-cv-02460-LHK. That case has also been assigned to Judge Koh.

29. On April 24, 2020, VoIP-Pal filed two new lawsuits in the Western District of Texas against Verizon and several affiliates as well as another against AT&T—alleging infringement of the '606 patent. Civil Action Nos. 5:20-cv-00325-ADA, 5:20-cv-00327-ADA.

30. On April 30, 2020, AT&T filed a declaratory judgment action on the '606 patent in this District. *AT&T Corp. et al. v. VoIP-Pal.com, Inc.*, Civil Action No. 5:20-cv-02995.

31. The '606 patent, which issued on February 26, 2019 (during the pendency of VoIP-Pal's against Verizon in this District), is related to and very similar to the six patents that this Court found invalid in earlier litigations.

32. VoIP-Pal's complaint against the Verizon entities in the Western District of Texas identifies claim 15 as an "exemplary" claim that is allegedly infringed by the Verizon entities. The "exemplary" claim of the '606 patent is very similar to the claims of the six related patents that VoIP-Pal asserted against Verizon in litigations in this District, and which this Court held to be invalid. For example, claim 15 depends from claim 1 of the '606 patent. During prosecution of the '606 patent, the U.S.P.T.O. rejected claim 1 of the '606 patent under non-statutory double patenting as not patentability distinct from and therefore unpatentable over claim 1 of U.S. Pat.

No. 9,826,002, which this Court found invalid under 35 U.S.C. § 101.  Exhibit 9 at 8; Exhibit 4 at 65.

33. VoIP-Pal's infringement allegations against the Verizon entities in the Western District of Texas, as reflected in its complaint in that action, track its infringement allegations against Verizon in the earlier actions in this District.  VoIP-Pal again directs its allegations towards telecommunications services, including Verizon Messages, Wi-Fi Calling, and One Talk, that were also accused in the earlier actions in this District.

34. Verizon believes that it does not infringe and has not infringed any claims of the '606 patent and that the claims of the '606 patent are invalid at least for the same reasons that the claims of the six previously-asserted patents were held invalid.

35. VoIP-Pal's tactics appear to reflect an attempt to avoid the adverse judgments of this Court by bringing a lawsuit based on very similar patent claims in a different district.  In the interests of justice and judicial efficiency, any dispute between VoIP-Pal and Verizon concerning the '606 patent should be adjudicated in this District.

## INTRADISTRICT ASSIGNMENT

36. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.  Verizon believes that the case should be assigned to the Honorable Lucy H. Koh, who presided over VoIP-Pal's prior lawsuits against Verizon and other companies (*see, e.g.*, *VoIP-Pal.com, Inc. v. Cellco Partnership d/b/a Verizon Wireless*, Civil Action No. 5:18-cv-06054-LHK), and who is currently presiding over related cases *Twitter, Inc. v. VoIP-Pal.com, Inc.*, Civil Action No. 5:20-cv-02397-LHK, and *Apple Inc. v. VoIP-Pal.com, Inc.*, Civil Action No. 5:20-cv-02460-LHK.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment that Verizon Does Not Infringe the '606 Patent)**

37. Verizon repeats and realleges each and every allegation contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

///

///

38. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether Verizon infringes any claim of the '606 patent.

39. Verizon does not infringe, and has not infringed, any claim of the '606 patent. For example, VoIP-Pal alleges in the Western District of Texas action that Verizon infringes claim 15 of the '606 patent. Claim 15 depends from claim 1, which recites the limitations "processing the second participant identifier and the at least one first participant attribute, using the at least one processor, to produce a new second participant identifier based on at least one match between the second participant identifier and the at least one first participant attribute." Verizon does not infringe claim 15 of the '606 patent at least because no Verizon product or service meets or embodies at least the following limitations recited in the claims: "processing the second participant identifier and the at least one first participant attribute, using the at least one processor, to produce a new second participant identifier based on at least one match between the second participant identifier and the at least one first participant attribute."

40. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Verizon, on the one hand, and Verizon, on the other, regarding whether Verizon infringes any claim of the '606 patent.

41. Verizon is entitled to judgment declaring that it does not infringe the '606 patent.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment That the Claims of the '606 Patent Are Invalid)**

42. Verizon repeats and realleges each and every allegation contained in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '606 patent is valid.

44. The '606 patent, which on its face issued on February 26, 2019 (during the pendency of VoIP-Pal's lawsuit against Verizon in the Northern District of California), is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted

1  in earlier litigations against Verizon and other defendants in this District. This Court held that
2  the asserted claims of those six patents were all invalid under 35 U.S.C. § 101.

3      45.    Like those already-invalidated claims, the claims of the '606 patent are invalid
4  under 35 U.S.C. § 101. For example, the claims of the '606 patent (including claim 15) are
5  directed to the abstract idea of routing a communication based on characteristics of the
6  participants—an idea that this Court held was abstract in analyzing several representative claims
7  of four related patents. *See* Exhibit 4 at 32, 52, 53, 57; *see also* Exhibit 3 at 21, 35 (holding that
8  the idea of "routing a call based on the characteristics of a caller and callee" was abstract);
9  Exhibit 5 (affirming this Court's judgment of invalidity). Furthermore, consistent with this
10 Court's earlier judgments concerning related patents, none of the elements of the '606 patent's
11 claims recite an inventive concept, either individually or as an ordered combination. For
12 example, the claims (including claim 15) recite generic computer components (like a "packet
13 switched communication system," a "processor," and a "database") that the specification admits
14 were not invented by VoIP-Pal and that operate in their expected manner.

15     46.    In view of the foregoing, there is an actual, justiciable, substantial, and immediate
16 controversy between Verizon, on the one hand, and VoIP-Pal, on the other, regarding whether
17 any claim of the '606 patent is valid.

18     47.    Verizon is entitled to judgment declaring that the claims of the '606 patent are
19 invalid at least under 35 U.S.C. § 101.

## PRAYER FOR RELIEF

Verizon respectfully requests the following relief:

A.    That the Court enter a judgment declaring that Verizon has not infringed and does not infringe any valid and enforceable claim of the '606 patent;

B.    That the Court enter a judgment declaring that the claims of the '606 patent are invalid at least under 35 U.S.C. § 101;

C.    That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Verizon its attorneys' fees, costs, and expenses incurred in this action;

D.  That the Court award Verizon any and all other relief to which Verizon may show itself to be entitled; and

E.  That the Court award Verizon any other relief as the Court may deem just, equitable, and proper.

## JURY DEMAND

Verizon hereby demands a jury trial on all issues and claims so triable.

Dated: May 5, 2020                                VENABLE LLP

By: */s/ William A. Hector*
Frank C. Cimino, Jr. (*pro hac vice* pending)
fccimino@venable.com
Megan S. Woodworth (*pro hac vice* pending)
mswoodworth@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

William A. Hector (SBN 298490)
wahector@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    (415) 653-3750
Facsimile:    (415) 653-3755

*Attorneys for Plaintiff*
CELLCO PARTNERSHIP d/b/a Verizon Wireless